**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2583
_____

YVONNE HILBERT,
                    Appellant
v.

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 1-15-cv-00471)
District Judge: Hon. Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 21, 2018
_____

Before: McKEE, SHWARTZ, and COWEN, *Circuit Judges*.

(Opinion filed: November 26, 2018)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge.*

Yvonne Hilbert appeals the District Court's orders granting judgment on the pleadings for Lincoln Insurance Company on Hilbert's claim for equitable relief and summary judgment for Lincoln on Hilbert's other claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461. Hilbert sued after Lincoln Insurance denied her request for long-term disability ("LTD"). The District Court also denied Hilbert's request for conflict discovery. In denying that request, the District Court held that Hilbert "failed to establish any good faith basis for alleging bias or other irregularity in [Lincoln's] decision-making process that affected her claim or that raises a reasonable suspicion of misconduct."[1]

As to the motion for judgment on the pleadings concerning Hilbert's claim that Lincoln breached its fiduciary duty, which she contends entitles her to relief under 29 U.S.C. § 1132(a)(3), the District Court considered the applicable law and correctly applied it to reject Hilbert's claim.[2]

After a thorough review of the summary judgment record, the District Court

---

[1] *Hilbert v. Lincoln Nat'l Life Ins. Co.*, No. 1:15-cv-0471, 2016 WL 727584, *2 (M.D. Pa. Feb. 24, 2016); *see Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 117 (2008) ("The conflict of interest . . . should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision . . . . It should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy . . .") (internal citations omitted).
[2] *Hilbert v. Lincoln Nat'l Life Ins. Co.*, No. 1:15-cv-0471, 2015 WL 8150418, *5 (M.D. Pa. Dec. 8, 2015).

concluded that Hilbert was not eligible for LTD benefits under the Plan.[3] We agree that the record demonstrates that she is not independently totally disabled from a condition other than depression, which is the very same pre-existing condition that disqualified her for LTD coverage.[4] In its thorough and thoughtful opinions, the District Court explained why Lincoln's decision to deny Hilbert's request for LTD coverage was neither arbitrary nor capricious.

Accordingly, we will affirm the District Court's orders granting judgment on the pleadings and summary judgment in favor of Lincoln, and its denial of Hilbert's request for conflict discovery for substantially the reasons given by the District Court in its December 8, 2015, February 24, 2016, and June 19, 2017 opinions.

---

[3] *Hilbert v. Lincoln Nat'l Life Ins. Co.*, No. 1:15-cv-0471, 2017 WL 2633503, *9 (M.D. Pa. June 19, 2017).
[4] *Id.* at *7–8.

3